UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE L. MCCOY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, USP ATWATER,<br><br>    Respondent. | Case No.: 1:24-cv-00121-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on January 26, 2024, challenging his conviction and sentence pursuant to 28 U.S.C. § 2241. (Doc. 1.) For reasons that follow, the Court finds that it lacks jurisdiction to consider his claims. Therefore, the Court will recommend the petition be SUMMARILY DISMISSED.

I.    **PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

1

judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

## II. BACKGROUND

On July 1, 1991, Petitioner was found guilty and sentenced in the United States District Court for the Middle District of Florida for conspiracy to possess cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. (Doc. 1 at 2.)

On January 26, 2024, Petitioner filed the instant habeas petition in this Court. Petitioner contends the judgment is void for not having been lawfully executed by the U.S. Marshals in violation of 28 U.S.C. §§ 561(c), (g); 564; 566(a), (c).

## III. DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Jones v. Hendrix, 599 U.S. ___, ___, S.Ct. ___, 2023 WL 4110233, at *3 (2023); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones, 2023 WL 4110233, at *3; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

An exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. Jones, 2023 WL 4110233, at *4; Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[T]he saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 2023 WL 4110233, at *8. "[I]f - and only if – § 2255's remedy by motion is 'inadequate or ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. Jones, 2023 WL 4110233, at *4 (quoting 28 U.S.C. § 2255(e)); Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). In the Ninth Circuit, § 2255 constitutes an "inadequate and ineffective" remedy, and thus the petitioner could proceed under § 2241, when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an 'unobstructed procedural shot' at presenting the claim. Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir. 2003); Harrison, 519 F.3d at 959; Stephens, 464 F.3d at 898; *accord* Marrero, 682 F.3d at 1192.

The Supreme Court recently issued its opinion in Jones v. Hendrix holding "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." 2023 WL 4110233, at *5. "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). With respect to claims that are not based on an intervening change in statutory interpretation governed by Jones, it is unclear to what extent, if at all, this test has been abrogated by Jones.

Petitioner contends that his judgment is void because it was improperly executed. To the extent the Ninth Circuit's test is valid after Jones, as to whether a petitioner may proceed via the savings clause when raising a claim not based on a change in statutory interpretation, Petitioner fails to satisfy the savings clause. First, he fails to demonstrate that he has never had an unobstructed procedural opportunity to present his claim. He does not indicate that he has pursued a motion under § 2255 in the sentencing court; therefore, it is possible this avenue remains available. Even if he had,

this is insufficient. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate). In addition, that Petitioner only now discovered the basis for his claim does not render his remedy under § 2255 inadequate or ineffective. The legal basis for his claim was available during trial and during his first § 2255 motion, and Petitioner fails to show that he did not have an unobstructed procedural opportunity to present it.

Second, Petitioner fails to make a valid claim of actual innocence. In the Ninth Circuit, a claim of actual innocence for purposes of Section 2255's savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. Here, Petitioner makes no claim of being factually innocent of his crimes. He instead claims the judgment is void because it was improperly executed. Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. The Court finds it lacks jurisdiction under § 2241.

The claim is also meritless. Petitioner alleges his imprisonment is unlawful because the Judgment and Commitment Order ("J&C") was signed by Warden Keaton and an unknown officer at USP Lewisburg, rather than by a U.S. marshal or deputy marshal. Title 18 U.S.C. § 3621(c) provides:

> When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it.

The purpose of delivering a J&C to the warden is to assist the Bureau of Prisons in keeping accurate records of inmates in custody. The purpose of delivering the Return to the sentencing court is to assure the court that the prisoner has been delivered to a place of custody. A defect in the form of the J&C can be corrected at any time by the sentencing court pursuant to Fed. R. Crim. Proc. § 36, but

any lack of proper completion of the Return is not a clerical error, nor does it confer any rights on the sentenced inmate.

**IV.     ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**V.      RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 29, 2024**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE

5