UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE L. MCCOY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, USP ATWATER,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00121-NODJ-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR INJUNCTIVE RELIEF<br><br>[Doc. 10]<br><br>[21-DAY OBJECTION DEADLINE] |

　　　　Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  After conducting a preliminary review of the petition, on January 30, 2024, the Court found that it lacked jurisdiction to consider Petitioner's claims and issued Findings and Recommendations to dismiss the petition.  On February 16, 2024, Petitioner filed objections to the Findings and Recommendations which are awaiting decision by a district judge.

　　　　On February 21, 2024, Petitioner filed the instant motion for injunctive relief. (Doc. 10.) Petitioner reasserts his claim that the judgment is void because the Return to the Judgment and Commitment Order was signed by the Warden and an unknown officer rather than by a U.S. marshal or deputy marshal.  He also raises claims concerning the conditions of his confinement.

1

He contends that prison authorities are denying his transfer to a lesser custody level facility by repeatedly singling him out for infractions.

**DISCUSSION**

I.     Motion for Injunctive Relief

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order.  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  Petitioner's first argument for injunctive relief is merely a restatement of his original claims for relief.  The Court has already addressed those arguments in its Findings and Recommendations which are currently pending review by a district judge.  There is no cause for injunctive relief since Petitioner's arguments will be considered by a district judge in due course.

With respect to Petitioner's claims concerning transfer to a lesser facility and the actions of prison officials in singling him out for discipline, the Court lacks jurisdiction within the framework of a habeas corpus proceeding, to grant the relief Petitioner requests.  A federal court is a court of limited jurisdiction.  As a threshold and preliminary matter, the Court must have before it for consideration a "case" or "controversy."  Flast v. Cohen, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the Court has no power to hear the matter.  Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), where the defendants are federal actors, is the proper method for a prisoner to seek monetary or injunctive relief based on a challenge to the conditions of that confinement.  See McCarthy v.

Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

The Court's habeas jurisdiction was invoked and the "case" or "controversy" over which this Court now has habeas jurisdiction is limited to challenges to the underlying conviction. The Court lacks jurisdiction to grant injunctive relief with respect to conditions of confinement (i.e., housing and unequal treatment). Such claims are more properly addressed in a civil rights action pursuant to Bivens.

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for injunctive relief be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 23, 2024**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE