1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    REGGIE L. MCCOY,                          No.  1:24-cv-00121-NODJ-SKO (HC)

12                    Petitioner,               **ORDER DENYING PETITIONER'S
                                                MOTION TO SUPPLEMENT PETITION**
13            v.
                                                **[Doc. 12]**
14
      WARDEN, USP ATWATER,
15
                    Respondent.
16

17

18          Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

19    writ of habeas corpus pursuant to 28 U.S.C. § 2241.

20          On January 26, 2024, Petitioner filed the instant petition.  (Doc. 1.)  The Court conducted

21    a preliminary review of the petition and issued Findings and Recommendations to dismiss the

22    petition for lack of jurisdiction on January 30, 2024.  (Doc. 5.)

23          On February 29, 2024, Petitioner filed a motion to supplement the petition with additional

24    claims.  (Doc. 12.)  Petitioner is advised that the petition must be complete in and of itself.  See

25    Rule 2(c), Fed. Rules Governing Section 2254 cases.  Pursuant to Rule 15(d) of the Fed. Rules of

26    Civil Procedure, supplemental pleadings are permitted to the extent a party seeks to "set[] out any

27    transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

28    Since Petitioner merely seeks to add further claims, supplementation will not be permitted.

                                                    1

1    In any event, as fully discussed in the Findings and Recommendations, the Court lacks

2    jurisdiction to consider Petitioner's claims.  In his motion, Petitioner seeks to add a claim

3    contending the district court exceeded its statutory authority and violated the Separation of

4    Powers doctrine by increasing his sentence to a mandatory minimum penalty of life

5    imprisonment.  He also claims his sentence is void because the district court lacked jurisdiction to

6    try, convict, or impose sentence on Petitioner.  As with his initial claims, Petitioner fails to

7    establish that § 2255 constitutes an inadequate or ineffective remedy such that Petitioner may

8    pass through the savings clause and proceed under § 2241.  He fails to show that he never had an

9    unobstructed procedural opportunity to present his claims.  Such claims concerning the district

10   court's jurisdiction to try, convict and sentence Petitioner were available at time of trial and

11   sentencing and could have been raised at that time.  In addition, Petitioner does not present valid

12   claims of actual innocence, *i.e.*, he does not claim that no reasonable juror would have convicted

13   him in light of the evidence presented.

    Accordingly, Petitioner's motion to supplement his petition with additional claims and

15   argument is DENIED.

16

17   IT IS SO ORDERED.

18   Dated:   **March 1, 2024**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28