# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGGIE L. MCCOY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, USP ATWATER,<br><br>    Respondent. | No. 1:24-cv-00121-JLT-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Docs. 5, 11)<br><br>ORDER DENYING MOTION FOR INJUNCTIVE RELIEF, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING RENEWED MOTION TO SUPPLEMENT, DENYING WITHOUT PREJUDICE CRIMINAL RULES 35 AND 36 MOTION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT, TERMINATE OUTSTANDING MOTIONS AND CLOSE CASE (Docs. 10, 17, 18)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

      Reggie L. McCoy is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      The assigned magistrate judge issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 5.) Petitioner filed objections. (Doc. 9.) A few days later, Petitioner filed a motion for injunctive relief. (Doc. 10.) The magistrate judge issued Findings and Recommendations to deny the motion for injunctive relief. (Doc. 11.) The Court served those

Findings and Recommendations on the Petitioner and notified him that any objections were due within 14 days. (*Id*. at 3.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id*., citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).) Plaintiff did not file objections to the Findings and Recommendations, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including the objections, the Court concludes both sets of Findings and Recommendations are supported by the record and proper analysis.

In addition, on February 29, 2024, Petitioner filed a motion to supplement the petition. (Doc. 12.) The Magistrate Judge denied the motion on March 4, 2024. (Doc. 13.) On March 21, 2024, Petitioner filed another motion to supplement the petition. (Doc. 17.) The motion essentially reargues the claims presented in the petition. Given the Court's adoption of the Findings and Recommendations dismissing the petition, the renewed motion to supplement is **DENIED**.

On April 2, 2024, Petitioner filed a motion pursuant to Federal Rules of Criminal Procedure 35 and 36, asserting that the Judgment and Commitment issued by the United States District Court for the Middle District of Florida, pursuant to which he is presently incarcerated at U.S.P. Atwater, is "fatally defective." (Doc. 18.) This motion is not cognizable in this Court. Fed. R. Civ. P. 35 advisory committee's note to 1991, 2002, 2007 amendments (indicating Rule 35 is intended to provide a mechanism for the ***sentencing court*** to correct errors in its judgments); *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985) (in discussing the appropriate standard of review applicable to an appeal from a Rule 26 motion, noting that "the sentencing court is in a unique position to know the actual terms of the sentence it intended to impose"). Because this Court did not sentence Petitioner, it cannot adjudicate a Rule 35 or Rule 36 challenge to his Judgment and Commitment. Therefore, that motion is **DENIED WITHOUT PREJUDICE**.

Finally, the Court declines to issue a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and

an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). A certificate of appealability is required for a successive § 2255 motion that is disguised as a § 2241 petition. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a)   In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)   There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find any of the above rulings debatable, wrong, or

deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly,

1. The Findings and Recommendations issued on January 30, 2024, (Doc. 5), and February 26, 2024, (Doc. 11), are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is dismissed with **PREJUDICE**.
3. The motion for injunctive relief (Doc. 10) is **DENIED.**
4. The renewed motion to supplement the petition is **DENIED**.
5. The motion brought pursuant to Criminal Rules 35 and 36 is **DENIED WITHOUT PREJUDICE.**
4. The Clerk of Court is directed to enter judgment, terminate outstanding motions, and close the case.
5. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **April 17, 2024**

UNITED STATES DISTRICT JUDGE